| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JEROME LEE CROSS, | Case No. 1:24-cv-00501-EPG (PC) |
| Plaintiff, | ORDER TO ASSIGN A DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION |
| KINGS COUNTY SHERIFF, et al., | |
| Defendants. | |
| | (ECF No. 1) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Jerome Lee Cross is incarcerated at the Kings County Jail and is proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). On April 26, 2024, Plaintiff filed an application to proceed *in forma pauperis* in this action. (ECF No. 2).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

**I.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915.

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

1

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II.  ANALYSIS

### A.  Strikes

Plaintiff filed this action on April 26, 2024. (ECF No. 1). The Court takes judicial notice[1] of the following five cases, each of which counts as a "strike":

> (1) *Cross v. Kings Count District Attorney's Office, et al.*, 1:14-cv-01073-AWI-SAB (Order entered July 7, 2015, at ECF No. 24, p. 2 – "This action is dismissed, with prejudice, for failure to state a cognizable claim for relief.").
>
> (2) *Cross v. Kings County Sheriff Dept., et al.*, 1:14-cv-1253-JLT (Order entered September 8, 2014, at ECF No. 8, p. 2 – "[Plaintiff's] request for only monetary damages does not make his claims cognizable under § 1983. A finding in Plaintiff's favor that the circumstances surrounding his arrest violated his constitutional rights, without proof of a finding in Plaintiff's favor via writ of habeas corpus necessarily negatively implicates the legality and duration of his custody which is barred by *Heck*. *Id.* at 488. Accordingly, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff is barred from bringing this action under 28 U.S.C. § 1983 and this action is HEREBY DISMISSED, without prejudice."); *see Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055–56 (9th Cir. 2016) ("We now hold that *Heck* dismissals may constitute Rule 12(b)(6) dismissals for failure to state a claim when the pleadings present an 'obvious bar to securing relief' under *Heck*.").
>
> (3) *Cross v. City of Hanford District Attorney, et al.*, 1:14-cv-01755-KJM-SAB (Order entered February 25, 2015, at ECF No. 9, p. 2 – "This action is dismissed, with prejudice, for failure to state a claim."); *see Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019) (concluding that there are cases where immunity may be so clear on the face of the complaint that a dismissal may qualify as a strike as frivolous or for failure to state a claim).

---

[1] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

**B.     Imminent Danger**

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff sues (1) David Robinson, the Kings County Sherriff; (2) B. Schrieber, a Sergeant at Kings County Jail; (3) Elesia Evans, a "RN Supervisor" at Kings County Jail; and (4) Tiffany Bier, a "RN" at Kings County Jail. He asserts three claims.

Generally, all three of Plaintiff's claims assert that the wall phones at the Kings County Jail are positioned poorly, and the phone cord is too short, causing Plaintiff's neck to hurt badly when he uses the phones because he has to "scrunch down and look sideways" as there is no sitting stool for him to use. However, he says other parts of the Jail have sitting stools for phone

3

use. Plaintiff indicates that he is able to sit on the ground and use the phone, but it appears that he does not wish to do so.[2] Plaintiff alleges a violation of his First and Eighth Amendment rights.

Such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's personal safety under the standards described above. None of these allegations fairly implicate an ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury to Plaintiff.

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

### III.   CONCLUSION AND RECOMMENDATIONS

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a District Judge to this case.

And IT IS RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 2).
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\

---

[2] A grievance form attached to the complaint indicates that Plaintiff does not wish to sit on the floor because he thinks it is unsanitary.

4


Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **May 2, 2024**            /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE